**BURSOR & FISHER**
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

YITZCHAK KOPEL
Tel: **646.837.7510**
Fax: **212.989.9163**
ykopel@bursor.com

July 12, 2022

*Via ECF*

The Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Glaser v. Bath & Body Works, LLC*, Case No. 2:22-cv-02530-WFK-AYS

Dear Judge Kuntz:

I represent Plaintiff in the above-captioned action. I write pursuant to Rule III.B.3 of Your Honor's Individual Motion Practices and Rules and in response to Defendant's July 6, 2022 Letter requesting a pre-motion conference for its forthcoming motion to dismiss (hereinafter, the "Letter"). Defendant's request should be denied because its arguments have been repeatedly rejected by numerous federal and state courts throughout New York. Nor is there any basis to stay this action. The parties need not burden the Court with unnecessary motion practice and the case should proceed to discovery.

**I.    Defendant's "Private Right of Action" Argument Has Been Repeatedly Rejected**

Defendant argues Plaintiff's claim should be dismissed because NYLL § 191 does not contain a private right of action. Letter at 1. However, this argument was rejected by the highest New York court to consider the issue in *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 2019), where the First Department held that "New York Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191." *Id.* at 1146. Based on the *Vega* holding, "there is a private right of action for violations of Section 191" and "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action." *Sorto v. Diversified Maint. Sys., LLC*, 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020).[1]

Although Defendant claims the *Vega* decision "is neither binding on state courts outside the First Department, nor the final word on this matter," the *Vega* decision constitutes guidance

---

[1] Against this backdrop, Defendant's argument that NYLL § 198 only provides a private right of action for "underpayment of wages, not untimely payment" holds no weight. Letter at 2. As Judge Kovner held in *Caul v. Petco Animal Supplies, Inc.*, "Section 191 permits a manual worker to bring a civil action for delayed payment of wages—<u>even if the wages have subsequently been paid</u>." 2021 WL 4407856, at *2 (E.D.N.Y. Sept. 27, 2021) (emphasis added).

from the highest state court to address this issue to date. Accordingly, because there is no case law from the Court of Appeals on this issue, this Court is bound the holding of the First Department's holding in *Vega* unless there is "persuasive evidence" that the Court of Appeals would hold otherwise. *See V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010) (federal courts are "bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion"). But no such "persuasive evidence" exists. The *Vega* decision was unanimously issued by all five judges sitting on the First Department's panel without any dissent. And since the issuance of the *Vega* decision, no federal or state court has rejected its holding. This Court should reject Defendant's invitation to be the sole court to do so.

Indeed, "Since *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law … and defendants present no persuasive reason to do otherwise." *Rodrigue v. Lowe's Home Centers, LLC*, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021); *Quintanilla v. Kabco Pharm., Inc., et al.*, Case No. 2:19-cv-06752-PKC, ECF No. 18 (E.D.N.Y.) (June 30, 2020 Minute Entry) (rejecting argument that plaintiff did not have private right of action to pursue Section 191 claim "in light of the *Vega* decision"); *Sorto*, 2020 WL 7693108, at *3; *Caul v. Petco Animal Supplies, Inc.*, 2021 WL 4407856, at *2 (E.D.N.Y. Sept. 27, 2021) ("Section 191 permits a manual worker to bring a civil action for delayed payment of wages—even if the wages have subsequently been paid."); *Scott v. Whole Foods Market Group, Inc.*, 2019 WL 1559424, at *4 (E.D.N.Y. April 9, 2019) ("The discretionary nature of the Commissioner's authority coupled with the references to employee actions in § 198 compels the conclusion that a private action under § 191 is consistent with the legislative scheme."); *Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("The New York Appellate Division First Department has held that the New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages even if the wages are no longer past due[.]"); *Duverny v. Hercules Medical P.C.*, 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020) ("[a] plaintiff's entitlement to statutory damages pursuant to § 198(1-a) survives even if the employer pays the employee's base wages prior to the commencement of a civil action"); *Mabe v. Wal-Mart Assocs.*, 2021 WL 1062566, at *4 (N.D.N.Y. Mar. 18, 2021) (holding that plaintiff had a private right of action because "the First Department's decision in *Vega* is directly on point"); *Mabe v. Wal-Mart Assocs., Inc.*, 2022 WL 874311, at *8 (N.D.N.Y. Mar. 24, 2022) ("[T]he Court is not convinced that the New York Court of Appeals would reach conclusions different than those expressed in *Vega*. … the Court finds that under *Vega*, Plaintiff presents a legally plausible claim in the First Cause of Action.").[2]

## II. Defendant's Article III Standing Argument is Incorrect

Next, Defendant argues Plaintiff "does not have standing" to assert her claim because she has not alleged how being paid untimely has caused "concrete and actual harm." Letter at 2. Here too, Defendant's argument was rejected by Judge Kovner in *Caul v. Petco*. *See* 2021 WL 4407856, at *4 ("Defendants suggest that an employee who has been paid all her wages but paid

---

[2] *See also Phillips v. Max Finkelstein, Inc.*, 73 Misc. 3d 1, 3 (N.Y. App. Term. 2021) (agreeing with *Vega* "that a private right of action exists to enforce the rights established under section 198"); *Beh v. Cmty. Care Companions Inc.*, 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021) (citing *Sorto* and *Duverny*, holding "there is a private right of action for violations of NYLL § 191."); *Rojas v. Hi-tech Metals, Inc.*, 2019 WL 4570161, at *4 (Queens Cnty. Sept. 11, 2019) ("In light of the sentiments set forth in *Gottlieb* by the Court of Appeals and the holding in *Vega*[,] Defendant's motion to dismiss Plaintiff's NYLL §§ 191(1)(a) and 198 (1-a) claims is denied.").

late would lack standing under Article III because she could only 'allege a bare procedural violation, divorced from any concrete harm.'"). Judge Kovner explained why Defendant is wrong:

> That argument fails to persuade. Sections 191 and 198 are state enactments, not federal ones. Defendants point to no authority for the proposition that state causes of action should be construed narrowly to ensure that federal courts can adjudicate them. *Cf.* Michael T. Morley, Spokeo: The Quasi-Hohfeldian Plaintiff and the Nonfederal Federal Question, 25 Geo. Mason L. Rev. 583, 585 (2018) (arguing that *federal* statutes should be construed to impliedly incorporate Article III justiciability restrictions, when applied in state court). **And in any event, the late payment of wages is a concrete harm. "[T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing."** *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418 , 424 (S.D.N.Y. 2019); *cf. Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453 , 457 (7th Cir. 2010) ("Every day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money."). That injury is especially acute for those workers "who are generally dependent upon their wages for sustenance," *Vega*, 175 A.D.3d at 1146.

*Caul*, 2020 WL 4407856, at *4 (emphasis added, internal citations omitted). This Court has subject matter jurisdiction for these same reasons articulated by Judge Kovner *supra* and Judge Cote in *Porsch v. LLR, Inc*. *See also Van v. LLR, Inc.*, 962 F.3d 1160, 1165 (9th Cir. 2020) (a plaintiff need not "allege specific plans to invest its money into an interest-bearing asset to establish standing based on a temporary deprivation of money.").

### III.   This Case Should Not Be Stayed Pending *Grant v. Global Aircraft Dispatch*

Lastly, Defendant requests this case should be stayed pending the Second Department's ruling in *Grant v. Global Aircraft Dispatch*, No. 2021-03202. However, at least one other court has rejected the same argument in a similar NYLL § 191 context during the pendency of *Grant*, and Plaintiff is aware of no courts accepting Defendant's argument. *See Elhassa*, 2022 WL 563264, at *2 (denying motion to stay, holding "Defendant's position that no private right of action exists is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages … Without prejudging the ultimate outcome of the motion to dismiss, those decisions are sufficient to cast doubt on the assertion that Defendant has made a 'strong showing' that it is likely to succeed."); *see also Mabe v. Wal-Mart Assocs., Inc.*, 2022 WL 874311, at *8 (N.D.N.Y. Mar. 24, 2022) ("[T]he Court is not convinced that the New York Court of Appeals would reach conclusions different than those expressed in *Vega*."); *In re Health Mgmt., Inc.*, 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 15, 1999) ("The ability of courts to avoid undue delay is essential to assur[e] that justice for all litigants be neither delayed nor impaired.").

To the extent Defendant is permitted to file its motion, Plaintiff will oppose it accordingly.

Respectfully,

*Y. Kopel*

CC: All counsel of record via ECF

Yitzchak Kopel