**Date of Service: 11/15/2022**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITTANY GLASER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BATH & BODY WORKS, LLC,<br><br>Defendant. | Case No. 2:22-cv-02530-WFK-AYS<br><br>Hon. William F. Kuntz, II |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION ........................................................................................................................ 1

LEGAL STANDARD ................................................................................................................. 1

ARGUMENT ............................................................................................................................... 2

I.   THE COURT ALREADY CONSIDERED AND REJECTED
     DEFENDANT'S ARGUMENTS ................................................................................. 2

II.  DEFENDANT'S MOTION RAISES NO INTERVENING CHANGE IN
     LAW, NO NEW EVIDENCE, NOR CLEAR ERROR OF LAW OR
     MANIFEST INJUSTICE ............................................................................................. 4

III. EVEN IF THE COURT ENTERTAINS RECONSDIERATION,
     DEFENDANT IS WRONG ON THE MERITS .......................................................... 6

IV.  THE DENIAL OF A STAY IS NOT SUBJECT TO
     RECONSIDERATION ................................................................................................. 9

CONCLUSION .......................................................................................................................... 10

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Augustine v. Aliber Home Loans, Inc.*,
   2021 WL 6796858 (E.D.N.Y. Sept. 9, 2021) .......................................................................... 1

*Castillo v. Time Warner Cable of New York City*,
   2011 WL 5084590 (S.D.N.Y. Oct. 24, 2011) ..................................................................... 4, 5

*Clinton v. Jones*,
   520 U.S. 681 (1997) ............................................................................................................... 9

*Davey v. Dolan*,
   496 F. Supp. 2d 387 (S.D.N.Y. 2007) .................................................................................... 3

*Dellefave v. Access Temporaries, Inc.*,
   2001 WL 286771 (S.D.N.Y. Mar. 22, 2001) .......................................................................... 2

*Devinsky v. Kingsford*,
   2008 WL 2704338 (S.D.N.Y. July 10, 2008) ................................................................ 3, 5, 8

*Diamond v. Treasurers & Ticket Sellers Union Local 751 Pension Fund*,
   2007 WL 2261551 (S.D.N.Y. Aug. 8, 2007) ...................................................................... 3, 8

*Doe v. N.Y. City Dep't of Soc. Servs.*,
   709 F.2d 782 (2d. Cir. 1983) .................................................................................................. 1

*Flood v. Carlson Restaurants, Inc.*,
   2015 WL 6870490 (S.D.N.Y. Nov. 9, 2015) .......................................................................... 3

*Fogel v. Chestnutt*,
   668 F.2d 100 (2d Cir. 1981) ................................................................................................... 5

*Hinds County, Miss. v. Wachovia Bank N.A.*,
   700 F. Supp. 2d 378 (S.D.N.Y. 2010) .................................................................................... 4

*In re Goldman Sachs Group, Inc. Sec. Litig.*,
   2014 WL 2815571 (S.D.N.Y. June 23, 2014) ........................................................................ 5

*In re Health Mgmt. Sys. Inc. Secs. Litig.*,
   113 F. Supp. 613 (S.D.N.Y. 2000) ......................................................................................... 1

*In re Houbigant, Inc.*,
   914 F. Supp. 997 (S.D.N.Y. 1996) ......................................................................................... 4

*In re Molycorp, Inc. Sec. Litig.*,
  2016 WL 3002424 (S.D.N.Y. May 23, 2016) .................................................................. 4

*In re Nassau County Strip Search Cases*,
  2013 WL 3805659 (E.D.N.Y. July 18, 2013)................................................................... 4

*Jobim v. Songs of Universal, Inc.*,
  2010 WL 11586593 (S.D.N.Y. Nov. 30, 2010)................................................................ 2

*Jones v. Nichemusic.Com, Inc.*,
  2005 WL 2757788 (S.D.N.Y. Oct. 25, 2005)................................................................... 5

*Jones v. Nike Retail Servs., Inc.*,
  2022 WL 4007056 (E.D.N.Y. Aug. 30, 2022) ................................................................. 9

*Levy v. Endeavor Air Inc.*,
  2022 WL 16645829 (E.D.N.Y. Nov. 1, 2022) ................................................................. 3

*Mabe v. Wal-Mart Assocs., Inc.*,
  2022 WL 874311 (N.D.N.Y. Mar. 24, 2022) ................................................................... 6

*McGee v. Dunn*,
  2013 WL 1628604 (S.D.N.Y. Apr. 16, 2013) ................................................................ 10

*Parrish v. Sollecito*,
  253 F. Supp. 2d 713 (S.D.N.Y. 2003) .............................................................................. 1

*Rivero v. INTL FCStone Inc.*,
  2015 WL 6128707 (S.D.N.Y. Oct. 19, 2015)................................................................... 5

*Rodrigue v. Lowe's Home Centers, LLC*,
  2021 WL 3848268 (E.D.N.Y. Aug. 27, 2021) ................................................................. 8

*Saget v. Trump*,
  345 F. Supp. 3d 287 (E.D.N.Y. 2018)............................................................................... 9

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) ............................................................................................... 2

*United States v. Sanchez-Manzanarez*,
  2012 WL 826746 (S.D.N.Y. Mar. 12, 2012).................................................................... 5

*V.S. v. Muhammad*,
  595 F.3d 426 (2d Cir. 2010) ............................................................................................. 4

*Vega v. CM & Assocs. Constr. Mgmt., LLC*,
  175 A.D.3d 1144 (N.Y. App. Div. 2019) ................................................................. passim

*Vornado Realty Tr. v. Castlton Env't Contractors, LLC*,
   2013 WL 5719000 (E.D.N.Y. Oct. 18, 2013) .................................................................. 4, 9, 10

**OTHER AUTHORITIES**

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure
   (2d ed.1995) ............................................................................................................................ 1, 9

**INTRODUCTION**

Plaintiff Brittany Glaser ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant Bath & Body Works, LLC's ("Defendant") motion for reconsideration ("MFR") of the Court's September 27, 2022 Order denying Defendant's motion to dismiss. Unhappy with the Court's decision, Defendant seeks to re-litigate its motion by doubling down on two arguments it already made in its original motion. MFR at 3-5. Defendant's arguments, however, are not novel. Nor are they correct. They have already been considered and rejected by this Court and many others. For this reason alone, Defendant's motion should be denied.

Regardless, <u>Defendant offers no new evidence, facts, or authority that would require the Court to reconsider its motion to dismiss ruling.</u> Nor does Defendant argue manifest injustice. This too is grounds for denial, as this Court has recognized. *Augustine v. Aliber Home Loans, Inc.*, 2021 WL 6796858, at *1 (E.D.N.Y. Sept. 9, 2021) (Kuntz, J.) ("Because Plaintiff's motion identifies no such factors, the motion for reconsideration is hereby DENIED.").

In short, Defendant's motion is entirely baseless. For the reasons set forth below, the Court should deny Defendant's motion in full.

**LEGAL STANDARD**

It is well-settled that "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citing *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 613, 614 (S.D.N.Y. 2000)); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.1995). Under Rule 59(e), there are three grounds for reconsideration: (1) an intervening change in law; (2) new evidence; and (3) the need to correct a clear error of law or prevent manifest injustice. *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782. 789 (2d Cir. 1983). The standard

1

for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In this district, Local Rule 6.3 governs motions for reconsideration, and must be "strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

## ARGUMENT

### I. THE COURT ALREADY CONSIDERED AND REJECTED DEFENDANT'S ARGUMENTS

In moving to dismiss Plaintiff's complaint, Defendant devoted an entire section of its memorandum of law to argue that Plaintiff's claims were "non-wage claims." *See* Motion to Dismiss, Argument § A.2. The arguments Defendant makes in its motion for reconsideration are, quite literally, copy/pasted from that section. In opposing Defendant's motion, Plaintiff's opposition brief pointed to the text of the NYLL, the First Department's decision in *Vega*, legislative history, guidance from New York's Department of Labor ("DOL"), and caselaw interpreting analogous provisions of the FLSA. *See* ECF No. 18, at 14-21. Defendant recycled the same "non-wage" arguments in its reply brief as well.

In other words, this issue was fully briefed by the parties and squarely before the Court. Defendant's reconsideration motion is just a word-for-word regurgitation of the arguments and citations already set forth in its motion to dismiss. But as courts in this District have repeatedly held, arguments previously made and rejected cannot serve as grounds for reconsideration motions. *Jobim v. Songs of Universal, Inc.*, 2010 WL 11586593, at *1 (S.D.N.Y. Nov. 30, 2010) ("The arguments now made in support of the motion to reconsider were previously made … They

2

were considered and rejected … Motions for reconsideration are not granted so that the non-prevailing party can relitigate issues which have already been decided.").

Moreover, "[t]he circumstances of this case do not mandate that the Court lay out a detailed explanation for accepting or rejecting every argument made. … The Court was not required to include an exhaustive account of its reasoning regarding every argument made by the parties. The arguments … were considered and rejected." *Devinsky v. Kingsford*, 2008 WL 2704338, at *3 (S.D.N.Y. July 10, 2008). This holds especially true where, as here, **fifteen** other courts have already issued opinions rejecting the same arguments raised in Defendant's motion to dismiss.[1] *See* ECF No. 18, Argument § II.A (collecting cases); *see also Diamond v. Treasurers & Ticket Sellers Union Local 751 Pension Fund*, 2007 WL 2261551, at *2 (S.D.N.Y. Aug. 8, 2007) ("The Court, however, did not 'overlook' these matters. It considered them, and rejected Defendants' calculations based on them."). No further analysis or explanation from the Court is necessary. *See Flood v. Carlson Restaurants, Inc.*, 2015 WL 6870490, at *2 (S.D.N.Y. Nov. 9, 2015) ("Because 'a motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved,' the Court finds that Defendants have not justified their request for reconsideration.") (quoting *Davey v. Dolan*, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007)).

In sum, "[a] Rule 6.3 motion 'is not a motion to argue those issues already considered when a party does not like the way the original motion was resolved.'" *Diamond*, 2007 WL

---

[1] Other courts have also rejected the same arguments Defendant makes since the Court denied Defendant's motion to dismiss. *See Levy v. Endeavor Air Inc.*, --- F. Supp. 3d ---, 2022 WL 16645829, at *5 (E.D.N.Y. Nov. 1, 2022) (Vitaliano, J.) ("Nothing Endeavor offers as a counterpoint even remotely suggests otherwise, much less provides 'persuasive evidence that the state's highest court would reach a different conclusion' than the First Department did in *Vega*."); *Gordon v. Bluetriton Brands, Inc.*, Case No. 1:22-cv-02138, ECF No. 43 (S.D.N.Y. Oct. 14, 2022) (Furman, J.) (Order Denying Motion to Dismiss).

3

2261551, at *2 (citing *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)). Critically, Defendant offers no reason why this Court should depart from its Order, be the first to expressly reject *Vega*, and hold that Plaintiff's claims for untimely wages are somehow "non-wage" claims.

## II. DEFENDANT'S MOTION RAISES NO INTERVENING CHANGE IN LAW, NO NEW EVIDENCE, NOR CLEAR ERROR OF LAW OR MANIFEST INJUSTICE

"A motion for reconsideration is available if there has been an intervening change in the law, or new evidence becomes available, or a clear error has been made, or the prior opinion creates a manifest injustice." *Castillo v. Time Warner Cable of New York City*, 2011 WL 5084590, at *1 (S.D.N.Y. Oct. 24, 2011) (citing *Hinds County, Miss. v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010)). "[A] motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced," and "[i]t is not enough ... that [the losing party] could now make a more persuasive argument." *In re Molycorp, Inc. Sec. Litig.*, 2016 WL 3002424, at *2 (S.D.N.Y. May 23, 2016) (internal citations and quotations omitted).

As this Court has explained, District courts in the Second Circuit strictly adhere to this approach. *Vornado Realty Tr. v. Castlton Env't Contractors, LLC*, 2013 WL 5719000, at *2 (E.D.N.Y. Oct. 18, 2013) (Kuntz, J.); *accord In re Nassau County Strip Search Cases*, 2013 WL 3805659, at *3 (E.D.N.Y. July 18, 2013) (Hurley, J.) ("[T]he Second Circuit has 'repeatedly stated [that it] will not depart from the law of the case absent cogent or compelling reasons.'") (citation omitted).

Here, Defendant's motion for reconsideration fails because it satisfies none of these grounds. <u>First</u>, Defendant's motion does not set forth an intervening change in law. **To the contrary, it seeks a departure from controlling law**, as set forth in *Vega*. *See, e.g., V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010) (the "Court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest

4

court would reach a different conclusion"). Second, it does not set forth new evidence. It simply recycles arguments and citations from its original motion to dismiss. Third, it does not set forth the need to correct a clear error of law or prevent manifest injustice. As such, Defendant's motion is wholly without merit and should be denied. The Court's inquiry should end here. *See Devinsky*, 2008 WL 2704338, at *1 ("Kingsford's attempt to re-argue the same points in a motion for reconsideration fails as a matter of law-there are no new facts, nor an intervening change of law, and there is no clear error of law or manifest injustice that the Court needs to correct."); *see also Castillo*, 2011 WL 5084590, at *1 ("TWC repeats the same arguments it made previously, only in a more strident tone. There is no clear error and no manifest injustice."); *Jones v. Nichemusic.Com, Inc.*, 2005 WL 2757788, at *2 (S.D.N.Y. Oct. 25, 2005) ("Nowhere in their motion do plaintiffs point out factual matters or allegations in the Amended Complaint overlooked by the Court necessary for reconsideration. … On consideration of plaintiffs' motion and having read the record and the submissions, plaintiffs' motion for reconsideration is denied."); *Rivero v. INTL FCStone Inc.*, 2015 WL 6128707, at *3 (S.D.N.Y. Oct. 19, 2015) ("Since Plaintiff has failed to demonstrate a need to correct a clear error or prevent manifest injustice, ... his motion for reconsideration is DENIED.") (internal quotation omitted); *In re Goldman Sachs Group, Inc. Sec. Litig.*, 2014 WL 2815571, at *4 (S.D.N.Y. June 23, 2014) ("[i]t is not enough ... that [the losing party] could now make a more persuasive argument.") (citing *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)); *United States v. Sanchez-Manzanarez*, 2012 WL 826746, at *1 (S.D.N.Y. Mar. 12, 2012) ("None of the grounds justifying reconsideration apply in this case. The Government cites no intervening change in law, nor does it submit any newly discovered evidence.").

In an effort to skirt these requirements, Defendant states that "the Court may have overlooked two factual matters in Defendant's Motion briefing. MFR at 3. But Defendant then

5

proceeds to make legal arguments and fails to cite even a single such "factual matter." These arguments are plainly inappropriate in this context.

### III.    EVEN IF THE COURT ENTERTAINS RECONSDIERATION, DEFENDANT IS WRONG ON THE MERITS

Just as it did in its motion to dismiss, Defendant once again argues that Plaintiff's claims for untimely wages are somehow "non-wage" claims. MFR at 4-5. That is wrong for many reasons.

First, NYLL § 198(1-a) expressly provides a private right of action for any "wage claim" in Article Six. In *Vega*, the First Department noted the obvious: late payment of wages is a type of wage claim. *Vega*, 175 A.D. 3d at 1145 ("contrary to defendant's argument that § 198 provides remedies only in the event of nonpayment or partial payment of wages (but not in the event of late payment of wages), **the plain language of the statute indicates that individuals may bring suit for any 'wage claim' against an employer**") (emphasis added); *see also Mabe v. Wal-Mart Assocs., Inc.*, 2022 WL 874311, at *6 (N.D.N.Y. Mar. 24, 2022) (agreeing with "the *Vega* Court's conclusion that **the late payment of wages constitutes underpayment of wages and thus a wage claim** privately actionable under Section 198(1-a)") (emphasis added). Defendant's assertion that "neither *Vega*, nor its progeny, have addressed whether a pay frequency claim is a 'wage claim'" is contradicted by the plain text of these decisions.

Second, the legislative comments to the Labor Law show that *Vega* was right: claims for untimely payment under NYLL § 191 are the precise sort of "wage claims" intended to be covered by NYLL § 198 (1-a). In 1966, the New York Legislature passed a bill repealing the previous iteration of Article Six and enacting a new version which provides the basis for the current law in place today. A memorandum accompanying the bill explained that "[t]he bill clarifies the application of the **wage payment provisions** for manual workers" by "indicat[ing] that weekly

6

payment of wages applies to manual workers, except those employed by a non-profit organization." Kopel Decl., Ex. 5, Memorandum of the Industrial Commissioner, June 3, 1966, Bill Jacket, L 1966, ch. 548 (pp. 4 of 12) (emphasis added).[2] In referring to laws governing the frequency of payments to manual workers as "wage payment provisions," the language of the memorandum cuts against Defendant's argument that claims under these provisions are "non-wage" claims.

In 1967, the Legislature enacted Section 198, allowing for a private cause of action with a liquidated damages provision. According to the memorandum accompanying the bill, its purpose was "[t]o assist the enforcement of the wage payment … laws by imposing greater sanctions on employers for violation of those laws." Kopel Decl., Ex. 4, pp. 6 of 16.[3] Again, there is no reason to believe that a statute meant to cover "wage payment laws" was intended to be construed in a manner that it should not cover the "wage payment provisions" from one year earlier.

<u>Third</u>, the DOL has explicitly held that a private right of action exists, which provides further indication that untimely wage claims are wage claims giving rise to a private right of action. Indeed, in an October 28, 2010 Opinion Letter, the DOL reiterated that NYLL § 191 is enforceable by a private right of action. *See* Kopel Decl., Ex. 4.[4] In response to the employer's question as to whether employees may be required to "sign-off" on their timesheets, the DOL responded:

> Section 191 of the Labor Law requires the timely payment in full of an employee's agreed upon wages and sets forth the frequency of such payments for particular categories of employees. For example, manual workers must be paid weekly and not later than seven days after the end of the week in which their wages are earned …. While an employer can require an employee to sign off on their weekly timesheet, the employee's signature on a weekly timesheet, the employee's signature on a weekly timesheet neither relieves the employer of its obligations under [Section 191], nor does it prevent

---

[2] *See* ECF No. 19-5.
[3] *See* ECF No. 19-4.
[4] *See* ECF No. 19-6.

>     an employee from filing a complaint with this Department or *bringing an action for a violation of [NYLL § 191.]*"

*Id*. at 4 (emphasis added). Thus, it is the view of New York's DOL that employees are empowered to bring private suits for violations of NYLL § 191.

Yet again, Defendant claims there is no private right of action because a complaint form on the DOL website "categorizes pay frequency claims as non-wage claims." MFR at 4. That is nonsense. The organization of a claim form is neither an opinion not interpretation. The DOL has a means of expressing legal opinions: in opinion letters. And when it addressed this issue in an opinion letter, it stated that a private right of action exists.

Finally, Defendant cites decisions from the Industrial Board of Appeals and the Second Department's decision in *Ikea v. Indus. Bd. Of Appeals*, 660, N.Y.S.2d 585 (App. Div. 2d Dep't 1997) to argue that frequency of pay violations are "non-wage" claims. MFR at 5. But none of those decisions examine the issue of whether there is a private right of action or the availability of liquidated damages. *See*, *e.g.*, *Rodrigue v. Lowe's Home Centers, LLC*, 2021 WL 3848268, *6 (E.D.N.Y. Aug. 27, 2021) (rejecting the same argument because "*Ikea* does not address whether employees may obtain liquidated damages for untimely payments; it simply assessed whether the state Commission of Labor had proffered substantial evidence that a particular employer violated Section 191").

Most importantly, the Court already considered and rejected this argument. *See Diamond*, 2007 WL 2261551, at *2 ("The Court, however, did not 'overlook' these matters. It considered them, and rejected Defendants' calculations based on them."); *see also Devinsky*, 2008 WL 2704338, at *3 ("The Court was not required to include an exhaustive account of its reasoning regarding every argument made by the parties. The arguments … were considered and rejected."). There is no basis for reconsideration, nor is there "good cause" to depart from *Vega*.

8

When faced with the rigid standard of a motion for reconsideration, where Defendant is required to point to controlling authority that might be reasonably expected to alter the conclusion reached by the Court, it is not even close. *Vega* is not wrong. Defendant is.

## IV. THE DENIAL OF A STAY IS NOT SUBJECT TO RECONSIDERATION

Defendant's request that the Court reconsider its denial of a stay is baseless and improper. It is axiomatic that "[t]his Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Saget v. Trump*, 345 F. Supp. 3d 287, 304 (E.D.N.Y. 2018) (Kuntz, J.) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Defendant does not argue the Court abused its discretion, nor is that even appropriate for a reconsideration motion.

As stated above, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Vornado Realty Tr. v. Castlton Env't Contractors, LLC*, 2013 WL 5719000, at *2 (E.D.N.Y. Oct. 18, 2013) (Kuntz, J.) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Here too, just as above, Defendant does not even attempt to argue any of these grounds exist.

To no surprise, other similar requests to stay have been denied in the NYLL § 191 context. *Jones v. Nike Retail Servs., Inc.*, 2022 WL 4007056, at *1 (E.D.N.Y. Aug. 30, 2022) ("The Court denies Defendant's request for a stay because there is a motion for leave to appeal a decision in a similar case to the Second Circuit and an appeal of another similar case to the Second Department of the New York Appellate Division. The Court has balanced the possible damage or hardship that may result from a stay against the benefit arising from the stay, and finds a stay completely unwarranted.").

Lastly, as this Court has noted, "[t]he objective of the law of the case doctrine includes promoting efficiency and avoiding endless litigation by allowing each stage of the litigation to

9

build on the last and not afford an opportunity to reargue every previous ruling." *Vornado*, 2013 WL 5719000, at *2 (Kuntz, J.) (quoting *McGee v. Dunn*, 2013 WL 1628604, at *3 (S.D.N.Y. Apr. 16, 2013)). Defendant's motion only serves to undermine that objective.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's motion for reconsideration in all respects.

Dated:  November 15, 2022

                                                    Respectfully submitted,

                                                    By:     */s/ Yitzchak Kopel*
                                                         Yitzchak Kopel

                                                  **BURSOR & FISHER, P.A.**
                                                 Yitzchak Kopel
                                                 Alec M. Leslie
                                                 888 Seventh Avenue
                                                 New York, NY 10019
                                                 Telephone:  (212) 989-9113
                                                 Facsimile:  (212) 989-9163
                                                 Email:  ykopel@bursor.com
                                                                    aleslie@bursor.com

                                               *Attorneys for Plaintiff*